[No. 487.   Decided July 19, 1892.]

OREGON IMPROVEMENT COMPANY, *Respondent*, v. SEATTLE GAS LIGHT COMPANY, *Appellant*.

BAILMENT—MEASURE OF DAMAGES.

Where goods are deposited upon a wharf for hire, and by reason of its rotten condition the wharf gives way and precipitates the goods to the bottom of the sea, the measure of damages is the value of the goods at the time of loss.

*Appeal from Superior Court, King County.*

*Blaine & De Vries*, for appellant.

*Andrew F. Burleigh* and *Thomas A. Gamble*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The undisputed facts in this case were substantially as follows: The respondent was the owner of certain docks in the city of Seattle, and was carrying on the business of a wharfinger for hire, and receiving and discharging from such docks for hire large quantities of freight.

On the 12th day of July, 1890, appellant contracted with respondent for a berth at respondent's dock for a certain ship, from which was to be discharged a large quantity of shale upon said dock, for which respondent was to receive from appellant forty cents per ton wharfage. In pursuance of this contract, about 300 tons of shale were discharged upon respondent's wharf, and during the discharging of the same, without appellant's fault, the dock, owing to its decayed and rotten condition, which condition was unknown to appellant, gave way and fell, precipitating into the deep waters beneath about eighty tons of shale, and that the reasonable value of the eighty tons of shale, immediately before it fell through the same, was $23.50 per ton. In October, 1890, respondent brought an action against appellant for the sum of $168.40 for wharfage of 421 tons of shale, being at the rate of forty cents per ton. To this complaint the defendant set up a counter claim showing the facts mentioned above, alleging that said eighty tons of shale were lost to the appellant, and demanding payment for the value of the same. Respondent in its reply denied both the loss and value of the shale and its own negligence, but admitted the fact that the shale fell into the water.

Among other instructions to the jury, the court gave the following:

"The defendant in this case claims that by reason of the giving way of the dock in question eighty tons of shale belonging to said defendant was lost. If you should find from the evidence that the plaintiff, in the giving way of the dock, was at fault, and the defendant was without fault, then the defendant would be entitled to damages that might have been occasioned to it by such giving way of said dock; but I instruct you further that in such case the defendant can recover only such damages as the proof may show it to be entitled to. The measure of damages in such case, if any, is the actual loss sustained by the defendant. Such loss is not necessarily the value of

the shale; it is the difference between the value of the shale as it lay on the dock and its value after it had fallen through the dock.   It is for the defendant to show what this difference is, and, if the defendant has failed to prove such difference, then I instruct you that you cannot find in favor of the defendant for any damage whatever."

This instruction was excepted to by appellant, and was alleged as error here.   We think the instruction was erroneous, as under it the defendant could recover no damages until he had gone to the expense of recovering the shale from the bottom of the sea, and showing the damage, if any, to the shale by reason of its submersion, and also the expense of its recovery.   The appellant was entitled to this shale upon the wharf.   That was the place the respondent undertook to deliver it, and the proof shows conclusively that through its own negligence it failed to do so.   The shale was lost to the appellant; it was never delivered at all; and the rule of damages that would apply where there is a delivery, viz., that the measure of damages is the difference between the value of the goods at the time of the consignment and their value at the time of the delivery, cannot be applied here.   This was a contract of bailment.   The contract was proven, the value of the shale was proven, the loss was proven, and the negligence of the respondent was proven, and the measure of damages is the value of the shale.   *Jones v. Morgan*, 90 N. Y. 4, 43 Am. Rep. 131; 1 Suth. Dam. p. 183.   Under the admissions of the answer no demand was necessary.

For this error the judgment is reversed, and a new trial accorded the appellant.

ANDERS, C. J., and STILES, HOYT, and SCOTT, J. J., concur.